MINUTE ENTRY
WILKINSON, M. J.
FEBRUARY 25, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HATTIE L. CHRISTMAS | CIVIL ACTION |
| VERSUS | NO. 14-1117 |
| MENTOR ABI, LLC | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## HEARING AND ORDER ON MOTIONS

APPEARANCES:  By telephone: Hope Harper, representing plaintiff; Christine White, representing defendant

MOTIONS:
(1) Plaintiff's Motion for Extension of Time to Complete Discovery, Record Doc. No. 14
(2) Plaintiff's Motion to Continue Trial and Extend Discovery Deadlines, Record Doc. No. 17
(3) Defendant's Motion for Summary Judgment, Record Doc. No. 12

O R D E R E D:

(1), (2) : GRANTED.  Motions to continue trial are directed to the broad discretion of the court.  Clinton v. Jones, 520 U.S. 681, 706-07 (1997); In re FEMA Trailer Formaldahyde [sic] Prods. Liab. Litig., 628 F.3d 157, 161 (5th Cir. 2010) (citing United States v. Stalnaker, 571 F.3d 428, 439 (5th Cir. 2009); United States v. German, 486 F.3d 849, 854 (5th Cir. 2007); Streber v. Hunter, 221 F.3d 701, 736 (5th Cir. 2000)).  In deciding such motions, courts evaluate the totality of the circumstances, including such factors as the amount of time available, the moving party's role in shortening the time needed, the likelihood of prejudice from denial of the motion, the facts of the particular case, the complexity of the case, and all of the demands on counsel's time and the

MJSTAR:  0 : 30

court's.  Stalnaker, 571 F.3d at 439; Streber, 221 F.3d at 736 (citing HC Gun & Knife Shows, Inc. v. City of Houston, 201 F.3d 544, 549-50 (5th Cir. 2000)).

In addition, a trial date set in a Rule 16 scheduling order, Record Doc. No. 9, may be modified only upon a showing of "good cause," Fed. R. Civ. P. 16(b)(4), involving the evaluation of four factors; i.e., the explanation for the requested extension, its importance, prejudice resulting to the opposing party and the availability of a continuance to cure the prejudice.  Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003); S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003).

Applying the foregoing standards in this case weighs in favor of a finding of Rule 16 "good cause" and granting the requested continuance of the trial and a limited extension of the discovery deadline.  As to the first factor, plaintiff's counsel's explanation offered during the oral hearing is not persuasive.  Counsel's busy schedule and lack of diligence are not good reasons to extend a deadline.  Robinson v. Babin, No. 12-00629-BAJ, 2014 WL 897421, at *3 (M.D. La. Mar. 6, 2014); Estate of Newton ex rel. Newton v. Grandstaff, 3:10-CV-809-L, 2013 WL 1499354, at *7 (N.D. Tex. Apr. 12, 2013).  This factor weighs against granting plaintiff's motions.

The second factor weighs in favor of plaintiff's motions. Defendant's pending motion for summary judgment, Record Doc. No. 12, is supported by voluminous exhibits and has a current submission date only two weeks before the final pretrial conference. It is important to the parties and the court to allow plaintiff a full opportunity to defend against a summary judgment motion that may well be dispositive of the case and to allow the court to rule on the motion based on a fully developed record.

As to the third and fourth factors, this case has been pending for only about nine months, and no prior continuance of the trial date has previously been requested. A continuance and extension of the discovery deadline would prejudice defendant, who complied with the court's scheduling order, filed a summary judgment motion expecting a decision on the existing record, and will incur additional costs if plaintiff's motions are granted.  However, I see no undue prejudice to defendant in granting the requested continuance of the trial, final pretrial conference and discovery deadline.  Although a continuance will not cure the additional expense, the additional, but limited, discovery will benefit the parties and the court in ensuring that defendant's motion for summary judgment will be properly determined on a full record.

Accordingly, the final pretrial conference and trial dates and the discovery and motions deadlines are continued, as set forth below. All other pretrial deadlines set by the previous scheduling order have lapsed and are specifically not continued.

**IT IS ORDERED** that plaintiff is granted leave to conduct <u>only</u> that discovery listed as items 1 through 6 in her Motion to Continue Trial and Extend Discovery Deadlines, Record Doc. No. 17 at p. 2, and to take the deposition of Patrick Rhodes. No other discovery may be instituted except on motion and order for good cause shown. The deadline for plaintiff to propound her written discovery requests is **March 6, 2015**.

During the hearing, defendant agreed to provide plaintiff with the last known address of Patrick Rhodes, who no longer works for defendant. Defendant must do so by **March 6, 2015**. The deadline to complete all discovery permitted by this order is **June 19, 2015**.

All pretrial motions, except motions in limine, must be filed and served no later than **July 20, 2015**. Memoranda in opposition to any motion filed on that date must be filed and served no later than **August 4, 2015**. Defendant may file a memorandum in reply to plaintiff's opposition to defendant's motion for summary judgment no later than **August 14, 2015**. The parties may request oral argument in accordance with the court's Local Rules, which will be set by the court after August 14, 2015. Motions in limine may be filed up to the time of trial or as otherwise ordered by the court.

The **Final Pretrial Conference** will be held **September 24, 2015 at 4:00 p.m.** before the Magistrate Judge. Counsel must be prepared in accordance with the final Pretrial Notice that was attached to the court's prior scheduling order.

**Trial commences on October 5, 2015 at 10:00 a.m. before the Magistrate Judge with<u>out</u> a jury**. Attorneys must report for trial no later than 30 minutes before this time. **Trial is estimated to last two (2) days**.

If both parties agree that a settlement conference would be beneficial, they may jointly request that I arrange for such a conference with another Magistrate Judge, and I will do so.

No further continuances will be granted.

(3) : DISMISSED WITHOUT PREJUDICE. Defendant's motion for summary judgment is hereby DISMISSED WITHOUT PREJUDICE. Defendant may refile a motion for summary judgment, attaching all related evidence and revising the motion, if the need arises after additional discovery, pursuant to the new schedule set out above.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE