UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HATTIE L. CHRISTMAS | CIVIL ACTION |
| VERSUS | NO. 14-1117 |
| MENTOR ABI, LLC d/b/a<br>NEURORESTORATIVE LOUISIANA | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

The court previously deferred in part Plaintiff's Motion to Compel Discovery Responses, Record Doc. No. 29, as to her Request for Production No. 4. Record Doc. No. 31. Request for Production No. 4 seeks the entire personnel file of Ron Kuerner, a white male whom plaintiff, Hattie L. Christmas, has identified as a similarly situated co-employee who allegedly received more favorable treatment than she, based on his race and gender. Defendant, Mentor ABI, LLC d/b/a Neurorestorative Louisiana ("Mentor"), argues in its opposition memorandum that Kuerner was not similarly situated to Christmas because he received discipline under circumstances that were not "nearly identical" to hers and that his personnel file is therefore irrelevant and non-discoverable. Because discovery of the personnel files of non-party individual employees presents special concerns about the privacy rights of the individuals involved, I ordered Mentor to produce Kuerner's personnel file to me for in camera review, after which I would rule on the deferred portion of plaintiff's motion. Record Doc. No. 31.

Mentor timely produced the personnel file to me and I have reviewed it in camera. Mentor contends that it terminated Christmas's employment on August 14, 2013, as a result of an incident on August 7, 2013, when plaintiff placed her hands on a resident at the facility, shoved the resident and jerked him by his shirt collar; waited at least an hour before trying to call any supervisors to assist with the resident, thus allowing the incident to escalate; and did not accurately describe the events in the incident report that she prepared – all as documented by security camera footage that her supervisor, Patrick Rhodes, reviewed before he fired her.  Mentor argues that plaintiff's conduct in this regard was not nearly identical to the conduct for which Kuerner was disciplined, which explains the differences in the disciplinary actions taken and makes Kuerner an invalid comparator to Christmas under Title VII case law.

To establish a prima facie case of racially or sexually discriminatory termination, plaintiff must show that employees who are not members of her protected class

> were treated differently under circumstances "nearly identical" to [hers]. The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. . . . If the difference between the plaintiff's conduct and that of those alleged to be similarly situated <u>accounts</u> for the difference in treatment received from the employer, the employees are not similarly situated for the purposes of an employment

2

> discrimination analysis. . . .  However, we have made clear that "nearly identical" is not synonymous with "identical."

Turner v. Kan. City S. Ry., 675 F.3d 887, 893 (5th Cir. 2012) (quotations and citations omitted).

I need not decide in connection with this discovery motion whether the circumstances of Kuerner's conduct were nearly identical to those leading to plaintiff's termination, such that she can establish a prima facie case of discrimination.  At this stage, she may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and/or reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Christmas alleges in her complaint that Kuerner engaged in misconduct similar to hers because "he was witnessed by an independent third party in the community physically and verbally abusing a group participant in a movie theater.  The incident was reported to [defendant].  Mr. [Kuerner] was suspended for two (2) days with pay" by the same supervisor who terminated plaintiff.  Complaint, Record Doc. No. 1 at ¶¶ 14-15.

Kuerner and Christmas had the same job and the same supervisor.  My review of Kuerner's personnel file reveals that he was disciplined in the form of a suspension for an incident on May 9, 2013, in which a member of the public observed him pushing a client in the client's back and being "verbally inappropriate with" (cursing) the client during an outing at a movie theater.  The member of the public reported the incident to

defendant. The file indicates that Kuerner admitted that the incident had happened essentially as reported and that he had acted inappropriately out of frustration with the client's activities. I find that this incident was sufficiently like Christmas shoving a client and allowing an incident with a client to escalate to be relevant to her claim that Kuerner was similarly situated to her and to Mentor's defense that he was not. The outside location of the incident involving Kuerner at a movie theater and the lack of video documentation do not render that incident so dissimilar to the circumstances of plaintiff's discipline that Kuerner is not a possible comparator, as defendant argues. The personnel file materials regarding the movie theater incident and the resulting discipline imposed on Kuerner are therefore discoverable. Additional file materials regarding Kuerner's qualifications, training and disciplinary history before the incident involving him and after that date until Christmas was terminated, and his performance appraisals for 2013 are also relevant to whether he was similarly situated to plaintiff at the times that the disciplinary actions were taken.

  Accordingly, IT IS ORDERED that, no later than July 1, 2015, defendant must supplement its written response to plaintiff's Request for Production No. 4 and make available to plaintiff's counsel the following materials from Kuerner's personnel file, which shall be subject to the protective order already in place. Record Doc. No. 28. Before producing the documents to plaintiff, Mentor must redact Kuerner's personal data identifiers in the fashion prescribed in Fed. R. Civ. P. 5.2(a).

a. Employment Action Form dated 09/14/2012;

b. Job application form dated June 6, 2012 (3 pages)

c. Life Skills Trainer Interview Questions dated 8/22/12 (2 pages). It appears that the original of this form may have been double-sided and that the even-numbered pages were not copied. The two pages produced to me contain questions numbered 1 through 7 on the first page and questions numbered 18 through 27 on the second page, which has a page number of 3. If additional pages of this document exist, defendant must produce them as well.

d. Annual Performance Appraisal dated 11/15/13 (7 pages)

e. Annual Competency Checklist dated 10/15/13 (5 pages)

f. Disciplinary Action Form dated 9 May 2013 and backup memo to file dated 20 May 2013 from Patrick D. Rhodes (2 pages)

g. Brain and Behavior Relationships training manual (22 pages)

h. Learning to Handle Anger (12 pages)

i. Introductory Performance Appraisal dated 1/30/13 (7 pages)

j. Conversation Record dated 5 December 12

New Orleans, Louisiana, this \_\_\_\_18th\_\_\_\_ day of June, 2015.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE